**KENTUCKY STATE BAR ASSOCIATION, Complainant,**

**v.**

**COMMERCIAL CREDIT COMPANY, Inc. and Dallas Layne, Individually, Respondents.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Henry H. Harned, Director, Leslie Whitmer, Asst. Director, Ky. State Bar Assn., Frankfort, for complainant.

Jean L. Auxier, Pikeville, for respondents.

PER CURIAM.

Pursuant to RCA 3.470 (now RCA 3.-460) the Kentucky State Bar Association filed a motion for rule against Commercial Credit Company, Inc., and Dallas Layne,

individually, asserting that each of them had violated KRS 30.010, which denounces the unauthorized practice of law. Layne is not a licensed attorney at law.

It appears that a complaint was filed in Pike Justice Court, Division I, captioned: "Dallas Layne, Mgr. Commercial Credit (illegible) Inc., Plaintiff vs. Alton Maynard, Defendant." The pleading was on a printed form, having blank spaces for use as the situation required. The first portion of the complaint recited:

> "The plaintiff Dallas Layne states that the defendant Alton Maynard is indebted to his co. in the sum of $304.50."

■ Although the proceedings were instituted against "Commercial Credit Company, Inc." and Layne, it was noted of record that the correct corporate name was "Commercial Credit Plan, Inc." However, no effort was made to obtain service upon the latter corporation; hence, no adjudicative action can be taken against that corporation in this proceeding.

■ Layne was guilty of unauthorized practice of law in purporting to act for "his co." There is no suggestion that the debt sued on was due to Layne personally. In view of the response filed by Layne, there was no need to refer the proceeding to a circuit judge as prescribed by RCA 3.-470 (now RCA 3.460).

■ There is no merit in Layne's claim that the penalty provided in KRS 30.990 for violation of KRS 30.010 is exclusive. See Hobson v. Kentucky Trust Company of Louisville, 303 Ky. 493, 197 S.W.2d 454.

■ The court adopts the recommendation of the governing authority of the Kentucky State Bar Association, and hereby orders that Dallas Layne be, and he is now fined in the sum of $50 for unauthorized practice of law. It is further ordered that the complainant recover of Dallas Layne the costs of the proceeding.

All concur.